**Charlene Ann BAMESBERGER (Smith), Respondent,**

v.

**Norman Gene BAMESBERGER, Appellant.**

**No. 31234.**

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

James S. Cottingham of Campbell, Gilmore, Erickson, Cottingham, Morgan & Gibson, Independence, for appellant.

Jimmie D. James of James & Sperry, Independence, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment in the form of a modification of a decree of dissolution. The judgment is reversed and the cause remanded.

Although appellant presents several alleged errors, disposition of this appeal turns upon the first point of error presented, thus rendering consideration of those remaining unnecessary. Appellant charges the trial court erred in refusing him the opportunity to proceed with his evidence because of his failure to file an answer pursuant to a local court rule.

The parties hereto were divorced on November 6, 1970. Under the decree of divorce, respondent was granted custody of the parties' two minor children and appellant was ordered to pay $70.00 per month per child as child support. On August 23, 1978, respondent filed a motion to modify the decree, praying for medical and dental cost payments, medical health insurance coverage and an increase in monthly child support payments, costs and attorney fees.

The record reveals that appellant received notice of the motion. The question of service of process, adequate notice or sufficient notice is not in issue in the instant proceeding. The record further reveals appellant then proceeded to mail to respondent interrogatories and a request for production of documents. The circuit court ordered respondent to answer the interrogatories. A series of objections to appellant's motion to produce documents, a motion to compel production, and a series of granted continuances which delayed the hearing upon the motion until August 21, 1979 (only a few days shy of one calendar year) followed.

The hearing commenced and respondent called appellant as a witness to secure testimony in support of her motion. The briefs on file point out that appellant's income status was interrelated with corporate accounts of a corporation owned by appellant. Appellant had remarried and his present spouse, who was present and available as a witness, was the bookkeeper for appellant's corporation. While testifying as

a witness for respondent, appellant was cross–examined by his own counsel. As this examination proceeded, respondent's counsel objected to any testimony referenced to any subject matter beyond the specifics of the direct examination. A discussion followed between both counsel and the court relative to the issue contained within appellant's point of error. The record reveals:

"MR. COTTINGHAM: May we approach the bench for another matter? I was unaware of any local rule about an answer.

THE COURT: I think if you would read our local rules, it says a modification is handled as a new case out here.

MR. COTTINGHAM: Yes, but I have been in practice since '68 and have never filed answers and if there's an answer now required, I would ask leave of Court to file an answer so that we can go forward with our evidence.

THE COURT: Are you telling me that they have never filed answers out here?

MR. COTTINGHAM: I never have. Now, I don't handle that much domestic.

THE COURT: Do you, Mr. James?

MR. JAMES: I do now, Judge. I didn't a few years ago until I got my first motion to modify outside Jackson County and I have that issue going up in the Court of Appeals right now, a case Judge Meyers tried.

THE COURT: It's my understanding that a motion to modify is like a new action.

MR. COTTINGHAM: Yes, but—

THE COURT: And requiring pleadings.

MR. COTTINGHAM: But under the Supreme Court Rules I have never heard of any—

THE COURT: When did you start?

MR. JAMES: 3 or 4 years ago. I know in Clay County—

MR. COTTINGHAM: I know in Clay County, they have something over there where you have to pay a filing fee.

MR. JAMES: This is the only county in the State of Missouri that doesn't require filing fees on motions.

THE COURT: Rule 4.13 says: 'A motion to modify a decree of divorce, dissolution of marriage or legal separation shall be treated as a new case to the extent of assigning a new docket number to such cause. The first such motion filed in a cause shall be assigned the original docket number of the case with the suffix "A" added. The second such motion shall carry the suffix "B" and subsequent motions shall carry successive alphabetical letters. All motions shall be filed in the file folder of the original action and be assigned to the Domestic Relations Division. A deposit of $5.00 shall be paid at the time of filing if personal service of a motion is to be made by the process office.'

I'm going to sustain the objection because I think there should be an answer filed, however, I doubt very much that you have any serious problem concerning the matter. I doubt very much that there's much you can do to change the facts of this case, because I will tell both of you I'm using Thirteen Fifty and applying the rules to it and you could be here 3 days and not change that.

MR. COTTINGHAM: So you're overruling the motion?

THE COURT: For you to proceed?

MR. COTTINGHAM: Yes.

THE COURT: Yes. I am sustaining his motion that you cannot proceed with any affirmative evidence without an answer on file."

The questions posed to this court are (1) By virtue of Local Court Rule 4.13 of the 16th Judicial Circuit (see above), is an answer in response to a motion to modify a decree of dissolution required? (2) Upon failure to file such a responsive pleading, is the responding party to be denied opportunity to present evidence in defense? and (3) Was respondent's objection for failure to file an answer timely?

The record shows appellant was "served" by notice attached to respondent's motion. After repeated notices, appellant initiated discovery procedures in the form of inter-

rogatories and a motion to produce documents. The circuit court, during this pre-hearing phase, entered orders applicable thereto. Both parties appeared in open court at the time of the hearing. Appellant was then prohibited from going forward with evidence as illustrated by the quoted record supra.

The parties obviously are at odds over the applicability of the local rule. Appellant contends that the absence of any statute or Supreme Court rule requiring an answer be filed controls and the circuit court erred in prohibiting appellant from going forward with additional evidence. Respondent, on the other hand, elects to stand on the circuit court's ruling and further argues that motions to modify dissolution decrees are independent actions, and as a result, our rules of civil procedure apply to such motions, thereby requiring a responsive pleading.

■ In the instant case, attention is directed exclusively to the local rule. Local Court Rule 4.13, set forth verbatim earlier in this opinion, contains specific limiting language. This language is, "A motion to modify a decree of divorce, dissolution of marriage or legal separation shall be treated as a new case *to the extent of assigning a new docket number to such cause.*" (emphasis added) The rule makes no provision or any reference to the procedural requirements other than the circuit court shall assign suffix letters A, B, C, etc., to the original case number in conformity to successive motions filed. The remaining portion of the rule permits the securing of personal service of a motion if such service is desired by the moving party. The rule does not mandate or prescribe any personal service and speaks to no pleading form requirement. The interpretation by the circuit court that a responsive pleading is required by the rule places an incorrect and far too broad interpretation upon the words "shall be treated as a new case" and, in the alternative, overlooks the limiting language of the rule as underlined above. The rule on its face reads as a record–keeping requirement and is so interpreted by this court.

■ Appellant, by way of argument, directs the court's attention to § 452.455, RSMo 1978, but it needs to be pointed out that such section is limited to matters of custody pursuant to the Uniform Child Custody Jurisdiction Act, adopted by our legislature. The issue in the instant case falls within the purview of § 452.370, RSMo 1978.

Section 452.370 and not § 452.455 is applicable (even though these proceedings originated prior to the adoption of our Dissolution Act by the legislature effective January 1, 1974) by virtue of and pursuant to § 452.415(3), RSMo 1978.

It should be noted that counsel for both parties are highly experienced and competent attorneys and upon oral argument presented, on behalf of the parties hereto, their respective views on the above–referred–to local rule. While counsel's argument is not part of the record of any case, it needs to be pointed out that the two attorneys, both of whom have many years of experience, discussed for the court their understanding of the local practice regarding motions to modify. Appellant's counsel noted he was not aware of the local rule, and that it was the practice of local bar members not to file responsive pleadings in the form of an answer to such motions. Counsel for respondent informed the court he was not aware of the rule until recently, when he encountered such issue in another circuit. The rule in the other circuit was not provided this court, but this court does not have any cause to doubt or question either counsel's presentation on the question. Respondent's counsel further argued that formal pleading requirements should be required as a further acknowledgment of the importance of domestic relations matters in our law. In addition, both counsel presented argument regarding the applicability and nonapplicability of our statutes and Supreme Court rules. As can be observed, however, disposition of these proceedings rests upon the local court rule only, and this court need not consider the absence or applicability of our statutes and rules.

In such motions, the court's attention is directed to only one issue. That issue is: If a substantial change of condition has arisen since the initial decree of dissolution, and this change warrants a modification of the *amount of payment of maintenance or child support* either in the form of an increase or a decrease, the court will, upon the evidence, enter a modification. By its very nature, such motion narrows the defenses thereto to only one. That defense is determining whether, upon the evidence, a substantial change has occurred and whether the party responsible for payment is required to pay an increased amount; or, by such substantial change, whether the same responsible party is entitled to relief in the form of reduction in the amount to be paid.

When such motions are filed, the parties immediately know what the only viable issue is between them, and neither party suffers prejudice if the party responding to the motion appears in court at the time of the hearing and is ready to go forward with evidence upon the issue.

This court cannot find within the wording of Local Rule 4.13 any requirement of a responsive pleading in the form of an answer, and it was error for the circuit court to have interpreted that such rule is so broad in scope.

The facts and circumstances of the instant case do not provide this court with sufficient information regarding all local rules as those local rules apply to all the circuit courts within our state on this issue. This opinion should not be construed as being applicable to any local rule other than the particular local rule referred to herein.

It is the opinion of this court that the circuit court erroneously interpreted Local Rule 4.13 of the 16th Judicial Circuit by construing said rule to require the filing of a formal written responsive pleading in the form of an answer to the motion to modify. It was error to have prohibited appellant from going forward with his evidence in support of his defense to the motion by said interpretation of the rule. Hence, questions (1) and (2) above are answered.

Turning to question (3), the result reached herein regarding Local Rule 4.13, notwithstanding the record herein, further reflects that these entire proceedings were treated by the parties, counsel and the court as a contested case. The objection interposed by respondent, having been raised after the formal hearing had commenced, was untimely. The circuit court erred in sustaining the objection, because such ruling denied appellant the opportunity to present his evidence and to be heard on the issue, thereby resulting in prejudice to appellant.

For the reasons set forth herein, the judgment of the circuit court is reversed and this cause is remanded for further proceedings upon the merits.

All concur.